## Patterson's Estate.—Appeal by Colver *et al.*

A sale by the sheriff on a judgment obtained against a vendor of land, after sale of the land by articles of agreement, passes only the estate left in the debtor after the contract of sale, and conveys to the vendee a right to the purchase-money unpaid—but he takes the estate subject to the payment of liens against the vendor prior to the contract of sale.

A sale on such subsequent judgment cannot discharge the lien of those prior to the contract of sale.

ERROR to the Common Pleas of *Greene county.*

Robert Patterson was the owner in fee of a tract of land in Jefferson township. On the 12th September, 1854, he sold the land to M. Colver, by articles of agreement, for $6000 in instalments, the deed to be made when $5000, should be paid. Before the sale to Colver, four judgments were had against Patterson, which were liens upon the land, the last of which had been entered on the 8th April, 1853. And several judgments were obtained against him after the said sale in favour of M'Nealy and others, a further description of which is unnecessary, the only question in the case arising out of the judgments entered *before* and those entered *after* the said sale to Colver.

On one of the judgments had after the sale, in favour of M'Nealy and others, a *fi. fa.* issued to the sheriff, who levied on " all the defendant's interest in and to a tract of land in Jefferson township, containing 50 acres, more or less, as the property of Robert Patterson;" and the question was as to distribution of the fund.

The Court distributed the proceeds of sale to the judgments which

[Patterson's Estate.]

were entered after the said sale to Colver, and the prior judgment-creditors took this appeal.

*Purman, Flenniken, Black,* and *Phelan,* for appellants.—A judgment is a lien on every kind of equitable estate in land, as well as legal: 3 *Barr* 69; 2 *Barr* 42; 3 *Binn.* 5; 1 *Yeates* 427.

The judgments, before the sale to Colver, were liens on the entire estate of Patterson. Does this sale alter the rule of appropriation?

It is contended that the sale by the sheriff discharged only the liens of the judgments entered after the sale to Colver by articles of agreement. If so, it does not follow that the fund shall *only* be appropriated to those judgments; for whatever was bound by the subsequent judgments was equally bound by the prior ones; and, although the sheriff could not sell as great an *estate* on the subsequent as on the prior judgments, yet he sold what was bound by the prior judgments, and they are entitled to the proceeds of the sale to the extent of that interest, whatever it was. The sale was of all Patterson's interest in the land, and the fund must be appropriated to the judgments in the order in which they stood against him, whether they are liens on the fee simple or fee defeasible, as all claim as the creditors of Patterson, whose interest was sold: see 9 *Ser. & R.* 397; 16 *Ser. & R.* 20, 294; 2 *Watts* 373. Patterson could do nothing to prevent this after the judgments were entered. 2d. A judicial sale frees the land from all liens, encumbrances, &c., which are certain, or may be readily reduced to a certainty against the person as whose estate it is sold: 6 *Watts* 169; 1 *Watts & S.* 235; 1 *P. R.* 96; 8 *W. & Ser.* 444; 1 *Barr* 92; 5 *Barr* 420.

The money, therefore, should have been appropriated to the judgments in their order, as they stand against the defendant: Custer *v.* Detterer, 3 *W. & Ser.* 28; 3 *Binn.* 358; 7 *Ser. & R.* 290. Clear of all encumbrances whatever: Fickes *v.* Essick, 2 *Rawle* 166; Hellman *v.* Hellman, 4 *Rawle* 447.

*Downey, Lindsey,* and *Lazear,* for appellees.—The rule that a judicial sale discharges all liens existing at the time, which are certain, and may be reduced to certainty, has its exceptions: Swarr's Appeal, 1 *Barr* 92. Where land is held subject to a judgment, and is afterwards sold by articles of agreement, subsequent to which sale another judgment is entered against the defendant, and his interest is levied on and sold upon such subsequent judgment, does such sale discharge a lien prior to the sale by articles?

After a sale by articles, the vendor holds the title in trust for the vendee, subject to existing liens; and a judgment against him subsequent to such sale binds the interest he had at the date

[Patterson's Estate.]

of the judgment, and the sheriff's vendee can call on the private
len v. Wenner, 16 *Ser. & R.* 20; Catlin v. Robinson, 2 *W. & Ser.*
purchaser for the unpaid purchase-money and no more: M'Mul-
273.   The interest in the vendee may be separately sold on exe-
cution, leaving the legal estate and the equitable estate unpaid
for, untouched in the vendor, and a judgment against the lat-
ter binds the legal estate but to the value of the purchase-money,
and just so much can be levied on and sold, and a purchaser under
judgment against either succeeds to the interest the debtor
had power to encumber. If then the sheriff's vendee can demand
no more from the private vendee than the purchase-money unpaid
at the entry of the judgment on which the sale was made, it
would seem that the funds of each sale should be appropriated to
the judgments in the order they were obtained after the agree-
ment.   For, if the purchaser can obtain no greater interest than
the unpaid purchase-money, his bidding will be regulated accord-
ingly.

If the sheriff's sale discharged *only* the judgments entered
after the private sale, are not *they only* entitled to the proceeds?
Shall the prior .judgments be paid to the extent of the proceeds,
and still continue a lien for the remainder? There is no case
analogous to this. A charge or an encumbrance cannot be
payable in part out of the proceeds of a sheriff's sale, and at the
same time remain a lien on the land for the residue, in the hands
of the purchaser. Inadequacy of funds to satisfy the judgment
does not vary the rule; but the *right to apply them to the judg-
ment* is, of itself, a total discharge of the lien.

The opinion of the Court was delivered by
LOWRIE, J.—After a man has contracted to sell his land, he
holds a very different title to it from that which he held before;
for, after that, he holds the legal title in trust to convey it to the
purchaser on his performance of the contract. Judgments ob-
tained after such a contract are therefore liens upon a different
estate in the land, from those obtained before it; and a sale on
them cannot have the same effect as a sale on the prior judg-
ments, else they would sweep away the title created by the con-
tract. A sale on them affects only the estate left in the debtor
after his contract of sale, which may be very small, depending
upon the amount of the purchase-money remaining upaid—it con-
veys a right to receive this so far as the judgment debtor himself
could demand it. But he could not demand it, without paying off
the liens that were prior to the contract of sale, or suffering the
purchaser thus to apply. so much of it as might be necessary. It
is very plain, therefore, that a sale on the judgments subsequent
to the contract of sale, cannot discharge the lien of those that

[Patterson's Estate.]

were prior, and these are not entitled to share in the distribution of the proceeds.

> The decree of the Common Pleas is affirmed, and the appeals are severally dismissed at the costs of the respective appellants, and record remitted.